## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LUUL YIKALO TIKABO, *et al*., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2197 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson.  Dkt. 30.  The Magistrate Judge considered defendant United States' motion for summary judgment (Dkt. 21).  *Id.*  Plaintiffs, Luul Yikalo Tikabo and sole proprietorship Selam Grocery (collectively, "Tikabo"), timely objected to the M&R.  Dkt. 31.  The United States did not object.  Having considered the M&R, the motion, Tikabo's objections, and other relevant materials in the record, the court is of the opinion that Tikabo's objections should be **OVERRULED** and that the M&R should be **ADOPTED IN FULL**.

### I. BACKGROUND

Tikabo filed this action seeking review of a final decision by the Food and Nutrition Service ("FNS") of the United States Department of Agriculture.  Dkt. 1.  FNS permanently disqualified Tikabo from the Supplemental Nutrition Assistance Program ("SNAP") for illegal food stamp trafficking.  Dkts. 1, 21 at 2–3.  The United States moved for summary judgment on grounds that the disqualification was not arbitrary and capricious as a matter of law.  Dkt. 21.  The Magistrate Judge agreed.  Dkt. 30.  Tikabo asks the court to reject the M&R in full.  Dkt. 31 at 3.

## II. LEGAL STANDARD

### A.  Magistrate Judge

For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983).  For non-dispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

### B.  Motion for Summary Judgment

A court shall grant summary judgment if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986).  If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial.  Fed R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant.  *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. OBJECTIONS

Tikabo objects to: (1) the evidentiary burden applied; (2) the United States' evidence; (3) the filing of the M&R before discovery ended; (4) the recommended denial of Tikabo's Rule 56(d) motion; and (5) the Magistrate Judge's wording. Dkts. 31, 31–2.

### A.    Evidentiary Burden

#### 1.    Legal Standard

Courts review SNAP disqualification challenges under a de novo standard of review. 7 U.S.C.§ 2023(a)(13); *Redmond v. United States*, 507 F.2d 1007, 1010 (5th Cir. 1975). Courts may also review the propriety of a sanction, but under a different standard of review: "arbitrary and capricious." 7 U.S.C. § 2023(a)(13); *Goodman v. United States*, 518 F.2d 505, 509, 512 (5th Cir. 1975) (explaining that a sanction is arbitrary and capricious if it is unwarranted in law or unjustified in facts).

The burden of proof is a separate issue. The Fifth Circuit applies the same burden of proof for challenges to disqualifications or sanctions: "[t]he burden of proof . . . is upon the aggrieved store to establish the invalidity of the administrative action by a preponderance of the evidence. This burden remains with the aggrieved store throughout the trial de novo[.] The agency action prevails unless the store proves it should be set aside." *Goodman*, 518 F.2d at 507.

#### 2.    Analysis

Tikabo objects to the burden of proof applied. Dkt. 31-2 at 2. Tikabo asserts that the proper "standard of proof" for SNAP disqualification review is "preponderance of the evidence," not "arbitrary and capricious." *Id.* at 2–7. This objection confuses two different concepts: standards of review and burdens of proof. *See Hanif v. United States*, No. H-15-2718, 2017 WL 447465, at *2

3

(S.D. Tex. Feb. 2, 2017) (Harmon, J.) (differentiating between the standard of review and burden of proof in SNAP disqualification review); Dkt. 31–2 at 6–7.

In addition, no cited authority holds that "arbitrary and capricious" is a burden of proof rather than a standard of review. *Id.* The Magistrate Judge properly applied the standard of review (arbitrary and capricious) and the burden of proof (preponderance of the evidence). *See* Dkt. 30 at 6–7, 17. For these reasons, Tikabo's objection is **OVERRULED**.

## B.     The United States' Evidence

Further, Tikabo objects to the United States' evidence by asserting that no "nexus" exists between trafficking violations and the United States' transaction data. Dkt. 31–2 at 7–9. More specifically, Tikabo asserts that the United States failed to provide a sufficient explanation about how FNS uses transaction data to inform its disqualification decision-making process. *Id.* at 8. However, Tikabo failed to provide the court with any new evidence to indicate the existence of a material fact issue. *See id.* Therefore, after reviewing the record, the court accepts the Magistrate Judge's opinion that the United States provided sufficient evidence to meet its summary judgment burden. Accordingly, Tikabo's objection is **OVERRULED**.

## C.     Timing of M&R

Next, Tikabo objects to the issuance of the M&R before the end of discovery. Dkt. 31 at 2–3, 9. While there were still four days left in the discovery period when the Magistrate Judge issued the M&R, discovery has since ended. *See* Dkt. 29. Tikabo has not provided the court with any new evidence indicating that an issue of material fact exists. Dkt. 31. Accordingly, the objection is **OVERRULED**.

**D.    Rule 56(d) Motion**

1.    Legal Standard

"Rule 56(d) motions are broadly favored and should be liberally granted." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)(quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)(internal quotations omitted)).   However, those motions "must set forth a plausible basis for believing the specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced will influence the outcome of the pending summary judgment motion." *Am. Family*, 714 F.3d at 894 (not an abuse of discretion to deny Rule 56(d) relief when motion did not show how relief would allow non-movant to defeat summary judgment).

2.    Analysis

The fourth objection expands on the third.  Tikabo asserts that because Magistrate Judge issued the M&R before discovery closed, a due process violation occurred.  Dkt. 31–2 at 9.  Tikabo also asserts that the Magistrate Judge erred in denying Rule 56(d) relief.  Dkt. 32–2 at 10.

Tikabo never filed a motion to compel.  Further, even after the court initially extended the discovery deadline (Dkt. 28), Tikabo did not present any new evidence to raise a fact issue.  Dkt. 29.  Tikabo also failed to explain how four more days of discovery (between the filing of the M&R and the close of discovery) would have allowed Tikabo to defeat summary judgment.

Even if the Magistrate Judge filed the M&R after discovery ended, Tikabo did not show good cause for Rule 56(d) relief.  *See Am. Family*, 714 F.3d at 894 ("[I]t is unclear what evidence could have been obtained from deposing [defendant] that would have been relevant to the dispositive legal issue[.]").  To defeat summary judgment, Tikabo had the burden to show that each of the alleged

5

trafficking violations did not occur. *Maredia v. United States*, No. 4:13-CV-1124, 2016 WL 7736585, at *2 (S.D. Tex. Aug. 16, 2016) (Bennett, J.).

Tikabo's Rule 56(d) requests did not match that burden. Tikabo sought information that might be used to challenge FNS' disqualification decision-making process. *See* Dkts. 25 at 27–28, 25–5, 27. None of those requests dealt with Tikabo's burden of disproving the actual occurrence of each of the alleged violations. *See Maredia*, 2016 WL 7736585, at *2.. Thus, even if the relief had been granted, Tikabo would still need to present new evidence to raise a fact issue. For these reasons, this objection is **OVERRULED**.

## E. The Magistrate Judge's Wording

Finally, Tikabo objects to the Magistrate Judge's wording. Dkt. 31–2 at 12 (using the word "distract[.]"). The court notes the objection but need not rule on it because it does not impact the outcome of this action.

For these reasons, the court **ADOPTS IN FULL** the Magistrate Judge's opinion that FNS' disqualification decision was not arbitrary and capricious as a matter of law.

## IV. CONCLUSION

Tikabo's objections (Dkt. 31) are **OVERRULED**. The M&R (Dkt. 30) is hereby **ADOPTED IN FULL**. Defendant United States' motion for summary judgment (Dkt. 21) is **GRANTED**. Additionally, Tikabo's motion for a hearing (Dkt. 31) is **DENIED**.

Signed at Houston, Texas on September 18, 2017.

_____

Gray H. Miller
United States District Judge

6